The opinion of the court was delivered by
Breaux, J.
Plaintiff’s husband in 1873 acknowledged an indebtedness to her in the sum of $5500. The written ackhowledgment was duly recorded, and there can be no question about the correctness of his indebtedness. A short time after, in satisfaction of this indebtedness, he transferred to her the lands in controversy in this suit, and other property described in the deed.
In 1882 she, authorized by her husband, made a deed to the defendant of part of the land she had received from her husband, in ■satisfaction of her paraphernal claim.
The price set forth in the deed was $1500 cash.
She, in the deed, reserved the right of redeeming the land on paying this amount' in three instalments and 8 per cent, interest.
*952 She remained in possession of the land, and is at this time in possession.
The records do not disclose that any demand was ever made for the possession. The taxes are paid by her.
This suit is brought to annul the sale, on the ground that the price represents an amount due by her late husband to the defendant.
In her petition she alleges that although the conveyance is written in the form of a sale, that form was assumed for the purpose of disguising the true character of the contract.
Somewhat inconsistently she alleges lesion beyond moiety for the reason that she has never received any amount for the property.
The defendant filed a general denial, and claimed that he acquired the land for a sufficient consideration.
That the deed of sale was made by plaintiff and her husband.
That the latter was the master of the community of acquets and gains that existed between them, and to which the property belonged.
He also alleges that the sale was made with the right of redemption reserved by the vendors; that the limit of the right has expired, and that he now has the right to be placed in possession of the property.
The $1500 which figure in the sale were made up as follows:
One thousand dollars of the amount was an indebtedness of plaintiff’s husband to the defendant, viz:
Two hundred and twenty dollars was a security debt of the husband.
There was also due by him a sum of $500. This and the interest account made up the sum of $1000 charged to the husband on defendant’s commercial account books at the time of the sale.
The $500 remaining, which make up the $1500, is an amount advanced by defendant to plaintiff’s son to establish him in business.
The payment of the last sum was assumed by the plaintiff.
These $500 were returned, paid, as shown by the receipt in evidence.
To fix the responsibility of the remainder on the plaintiff, to change this indebtedness from the husband to the wife, it is urged that the security debt included in the price was transferred to the wife, and that she held the claim both against the principal and the security of her husband. This position of the defendant is not supported by the facts.
*953 At the time that the accounts were cast just previous to the sale, this amount was included as an indebtedness of plaintiff’s husband to the defendant, and, as his indebtedness, it was added as part of the purchase price.
The records do not disclose that plaintiff ever became transferee of a claim for this amount.
It was carried in the husband’s account as due by him to the defendant, and as such it was made part of the price.
It was his debt, presented as his debt, included in the settlement as such. The name of the principal for whom the husband was security does not cut any figure in the transaction.
The wife, whether separated in property by contract or by judgment or not separated, can not bind herself for her husband, nor conjointly with him, for debts contracted by him before or during marriage. C. C. 2398.
The plaintiff did not become the owner of any claim against a debtor for whom her husband was security. We will not assume that the principal ever paid the amount to the defendant, or that the claim was ever considered as one due by him to her, particularly when it was presented by the defendant as due by plaintiff’s husband, and as such charged.
The next amount demanding our attention was also due by the husband. The defendant urges that it was properly brought into this sale as part of the price, for the wife ought to pay the household expenses. That the items of this amount consisted of supplies, of various kind.
The evidence does not satisfy us that these supplies went toward supporting the plaintiff and her children.
The agent of the defendant partner and his book keeper testifies:
“ The sale was made for $1500, with the right of redemption in three annual instalments of $500 each, with interest. The first instalment, which was $540, was paid. I did not know at that time that the $500 worth of goods sold in 1882 was to be used in establishing (defendant’s son) Otto Krouse in business.
“The $1000 were charged to Dr. Krouse’s account (plaintiff’s husband) on balancing the settlement on Neel’s books.”
It is proven that the supplies were furnished to the husband, to whom they were charged, and not to the wife.
*954 It was his account, and not her account. He was trusted for its payment. After it became evident that it was no longer possible to collect from the husband, the account could not be charged to the wife. It has the appearance of an after-thought, for which possibly the husband, in his anxiety to pay, is responsible; but we are unable to conclude, after a careful examination of the evidence, that the charges are marriage .charges which the wife is bound by law to bear. The advances when made were certainly not made to her.
They were properly charged to the husband. The defendant now wishes to have it considered the debt of the wife.
There can be no question about the $1000 — they were due by the husband. It is finally urged that the last $500, to make the $1500 consideration, were for goods and merchandise advanced to plaintiff’s sonto establish him in business. This amount has since been paid.
It is true that it has been paid as price of the place sold by a sale ■a removée, and really as security, but as this is the only amount with which the plaintiff could possibly be charged, it extinguished all indebtedness and left the sale without the least consideration.
If we were to order this property to be delivered to the defendant, it would be in satisfaction of the debt of her husband.
There was no fraud or bad faith on the part of the plaintiff.
We attach no importance to the influences that were brought to bear on the wife to sign the deed.
We mention them as evidence only that there was no artful scheming on her part to obtain an undue advantage. In the interest of the family and of her own the rights of property of married women are entitled to some protection from the bad management of •the husband, his losses and extravagances.
When she only yields her signature to the solicitations of a very ■ importuning husband, and does not commit any act of fraud or bad faith whereby to obtain undue advantage, she can not legally be held to the conditions of a deed by compelling her to deliver her . separate property in payment of her husband’s debt.
In thus deciding we do not hold that the wife’s executed sale •would be vitiated by the fact that in an executed contract of sale part of the consideration may be a debt of the husband. There is no necessity in this case to pass upon that question.
Judgment affirmed.